LEROY P. STANLEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stanley v. Commissioner
Docket No. 9064-86
United States Tax Court
T.C. Memo 1991-20; 1991 Tax Ct. Memo LEXIS 24; 61 T.C.M. (CCH) 1699; T.C.M. (RIA) 91020; January 22, 1991, Filed *24 An appropriate order and decision will be entered. Larry A. Campagna and Robert I. White, for the petitioner. Albert A. Balboni, for the respondent. TANNENWALD, Judge. TANNENWALD
MEMORANDUM OPINION This case is before us on cross motions for entry of decision based on stipulations of settlement by the parties. Insofar as is pertinent to these cross motions, the notice of deficiency in respect of the 1982 taxable year: (1) disallowed $ 157,500.00 of deductions in respect to OEC Leasing transactions (see , affg. in part and revg. in part , and , for a detailed description of these transactions); (2) disallowed the investment credit in the amount of $ 155,217.33 in respect of such transactions; (3) imposed the additions to tax for negligence under section 6653(a)(1) and (2); [1] (4) imposed an addition to tax under section 6659 in the amount of $ 70,199.20 representing 30 percent of the amount of the deficiency attributable to the disallowances in respect of such transactions; and (5) imposed the increased interest of section 6621(d) (retitled *25 as section 6621(c)) in respect of the amount of the deficiency attributable to the disallowances in respect of such transactions (not including capital gain matters). During 1989 and in light of this Court's opinion and decision in , the parties executed a stipulation of settlement for tax shelter adjustments the effect of which was as follows: (1) $ 78,750.00 of the $ 157,500.00 disallowance was allowed; (2) the investment credit issue was conceded by petitioner; (3) respondent conceded the additions to tax for negligence; (4) petitioner agreed to an addition to tax under section 6659 in the amount of $ 46,565.20 representing 30 percent of the conceded disallowance of the investment tax credit and respondent conceded the balance of such addition to tax; and (5) petitioner conceded the increased interest under section 6621(c). *26 The only dispute between the parties relates to petitioner's agreement to an addition to tax under section 6659. Petitioner asserts that he should be relieved of this provision in the stipulation of settlement because the imposition of such addition to tax is contrary to the law in the Fifth Circuit as established by , and therefore "illegal." Petitioner maintains that, under the rule established by , affd. on other issues , namely, that we will follow the Court of Appeals for the circuit to which an appeal lies (the instant case is appealable to the Fifth Circuit), we are required to set aside the stipulation in respect of the section 6659 issue. We disagree. The critical question is whether the circumstances herein fall within the exception in Rule 91(e), which provides that a stipulation binds the parties and that the Court will not permit a change therein "except * * * where justice requires." See also . Initially, we note that petitioner's use of the word "illegal" is simply pejorative *27 and means nothing more than, as petitioner himself ultimately admits, that the stipulation in question does not reflect the rule in the Fifth Circuit. Under these circumstances, one cannot help thinking that petitioner "doth protest too much." Shakespeare, Hamlet, Act III, scene ii. We are not impressed with petitioner's claimed innocence at the state of the law prior to the decision of the Court of Appeals for the Fifth Circuit in The fact of the matter is that Heasley was foreshadowed by the Fifth Circuit's opinion in , affg. , as the opinion in Heasley itself indicates. Moreover this Court's opinion in , upon which the stipulation of settlement herein was based, discussed this Court's opinion in Todd, see . Finally, the notice of appeal of our decision in Heasley was filed on December 15, 1988, 10 months before the stipulation of settlement herein was executed. All of the foregoing should have been known by petitioner's counsel, particularly since the record herein reveals that at least one of those *28 counsel has had over 25 years' experience in tax litigation both in government and in private practice. Under the foregoing circumstances, petitioner's attempts to hide behind the charge that respondent's counsel was "sneaky" in not telling petitioner's counsel about Todd and to charge respondent's counsel with undue pressure by allegedly requiring petitioner to choose between executing the stipulation of settlement or going to trial fall far short of their mark. Petitioner cannot escape the fact that the disposition of the section 6659 issue was part of an overall settlement of several issues. Indeed, the section 6659 issue is itself a compromise with petitioner agreeing to the application of that section to the investment credit disallowance and respondent conceding its nonapplication to the remaining disallowances. In such a context, the parties should be "held to their agreement without regard to whether the judgment is correct on its merits." and cases cited thereat. Petitioner's reliance on , is misplaced. In that case, there *29 had been a trial on several issues, the law appeared to have been more clearly settled prior to a supervening Supreme Court decision to the contrary, and there was no indication that the stipulated issue had been traded for concessions by the opposing party. In a similar vein, , involved a single issue and an overruling of a prior decision of this Court. We recognize that we are not bound by a stipulation as to a question of law. See, e.g., . Indeed, it would appear that this principle is designed to make clear that, in a litigated case, the courts are not restricted in reaching a decision by an erroneous agreement of the parties. However, as we view the matter, we are not required to relieve a party of a stipulation which produces a result contrary to the law, at least where that stipulation is part of an overall settlement package and where the particular circumstances do not indicate that justice demands such relief. Such is the situation herein. In this connection, we note (without deciding) that the application of , may not *30 create a rule of law which automatically invalidates a stipulation as to a legal issue. Respondent's motion for entry of decision will be granted, and petitioner's motion for entry of decision will be denied. An appropriate order and decision will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩